## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

_____
                                        )
ANTHONY SHEA                            )
     *Petitioner,*                   )
                                        )
v.                                      )       Case No. 16-cv-00235-PB
                                        )
UNITED STATES OF AMERICA,               )
     *Respondent.*                   )
_____        )


_____
                                        )
SEAN KING                               )
     *Petitioner,*                   )
                                        )
v.                                      )       Case No. 16-cv-00283-PB
                                        )
UNITED STATES OF AMERICA,               )
     *Respondent.*                   )
_____        )


_____
                                        )
ARTHUR DURHAM                           )
     *Petitioner,*                   )
                                        )
v.                                      )       Case No. 16-cv-00274-PB
                                        )
UNITED STATES OF AMERICA,               )
     *Respondent.*                   )
_____        )


_____
                                        )
LOUIS DIFAZIO                           )
     *Petitioner,*                   )
                                        )
v.                                      )       Case No. 16-cv-00-273-PB
                                        )
UNITED STATES OF AMERICA,               )
     *Respondent.*                   )
_____        )

_____ )
                                )
RICHARD VILLAR                  )
        *Petitioner*,           )
                                )
v.                              )     Case No. 16-cv-00272-PB
                                )
UNITED STATES OF AMERICA,       )
        *Respondent.*           )
_____ )


_____ )
                                )
TALBOT CURTIN                   )
        *Petitioner*,           )
                                )
v.                              )     Case No. 16-cv-00271-PB
                                )
UNITED STATES OF AMERICA,       )
        *Respondent.*           )
_____ )


_____ )
                                )
GERALD BOULANGER                )
        *Petitioner*,           )
                                )
v.                              )     Case No. 16-cv-00266-PB
                                )
UNITED STATES OF AMERICA,       )
        *Respondent.*           )
_____ )


_____ )
                                )
JAMES KARAHALIOS                )
        *Petitioner*,           )
                                )
v.                              )     Case No. 16-cv-00254-PB
                                )
UNITED STATES OF AMERICA,       )
        *Respondent.*           )
_____ )

2

_____
                                     )
JOHN BRENNICK                        )
        *Petitioner*,                )
                                     )
v.                                   )        Case No. 16-cv-00253-PB
                                     )
UNITED STATES OF AMERICA,            )
        *Respondent.*                )
_____ )


_____
                                     )
RAYMOND LEMIEUX                      )
        *Petitioner*,                )
                                     )
v.                                   )        Case No. 16-cv-00252-PB
                                     )
UNITED STATES OF AMERICA,            )
        *Respondent.*                )
_____ )


_____
                                     )
ANTHONY SAWYER                       )
        *Petitioner*,                )
                                     )
v.                                   )        Case No. 16-cv-00250-PB
                                     )
UNITED STATES OF AMERICA,            )
        *Respondent.*                )
_____ )


_____
                                     )
KEVIN LAVALLIERE                     )
        *Petitioner*,                )
                                     )
v.                                   )        Case No. 16-cv-00240-PB
                                     )
UNITED STATES OF AMERICA,            )
        *Respondent.*                )
_____ )

_____
                              )
BARTON TIBANDO                )
    *Petitioner,*            )
                              )
v.                            )        Case No. 16-cv-00233-PB
                              )
UNITED STATES OF AMERICA,     )
    *Respondent.*           )
_____ )


_____
                              )
PAUL DIMEO                    )
    *Petitioner,*            )
                              )
v.                            )        Case No. 16-cv-00226-PB
                              )
UNITED STATES OF AMERICA,     )
    *Respondent.*           )
_____ )


_____
                              )
NICHOLAS SPEARS               )
    *Petitioner,*            )
                              )
v.                            )        Case No. 16-cv-00220-PB
                              )
UNITED STATES OF AMERICA,     )
    *Respondent.*           )
_____ )


_____
                              )
DEREK KUCINSKI                )
    *Petitioner,*            )
                              )
v.                            )        Case No. 16-cv-00201-PB
                              )
UNITED STATES OF AMERICA,     )
    *Respondent.*           )
_____ )

_____  )
                                 )
JOEL SHAW                        )
    *Petitioner*,             )
                                 )
v.                               )   Case No. 16-cv-00197-PB
                                 )
UNITED STATES OF AMERICA,        )
    *Respondent.*             )
_____  )


_____  )
                                 )
MATTHEW KARAHALIOS               )
    *Petitioner*,             )
                                 )
v.                               )   Case No. 16-cv-00286-PB
                                 )
UNITED STATES OF AMERICA,        )
    *Respondent.*             )
_____  )


_____  )
                                 )
PATRICK CHASSE                   )
    *Petitioner*,             )
                                 )
v.                               )   Case No. 15-cv-00473-PB
                                 )
UNITED STATES OF AMERICA,        )
    *Respondent.*             )
_____  )

## <u>JOINT MEMORANDUM ON 18 U.S.C. § 924(c)(3)(B)</u>

Petitioners in the above captioned matters respectfully submit through counsel this legal

memorandum in support of their motions under 18 U.S.C. § 2255 to vacate their convictions for

violating 18 U.S.C. § 924(c). It addresses whether the residual clause in 18 U.S.C. §

924(c)(3)(B) is materially different than the residual clause in the Armed Career Criminal Act

(ACCA), 18 U.S.C. § 924(e) (2)(B)(ii)), which *Johnson v. United States*, 135 S. Ct. 2551, 2563

(2015) held to be unconstitutionally void for vagueness.

The petitioners submit that there is no material difference between the two residual clauses. Like the ACCA residual clause, the § 924(c) residual clause must be construed under the well-established two-step categorical approach that the Supreme Court applied in *Johnson*. That approach demonstrates that § 924(c)'s residual clause suffers from the same constitutional infirmity as its ACCA counterpart. It is void for vagueness.

### The Residual Clauses

Section 924(e)(2)(B) defines "violent felony" as used in the ACCA as any felony that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another;
>
> or (ii) is burglary, arson, or extortion, involves use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another.**

*Johnson* invalidated the highlighted residual clause in that definition.

Section 924(c)(3) defines a "crime of violence" as an offense that is a felony and -

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) **that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.**

The first half of this statutory definition of "crime of violence" is known as the "force clause."

The highlighted second half of the definition, § 924(c)(3)(B), is known as the "residual clause."

### Argument

The differences in the wording of the two residual clauses are immaterial to the risk analysis required to attempt to draw a consistent, principled distinction between those felonies which are violent and those which are not. As with the ACCA residual clause, that distinction

6

proves impossible to draw for § 924(c)'s residual clause.

Over the past 26 years the Supreme Court and the Courts of Appeals have developed and applied the so-called categorical approach to construe a variety of federal criminal statutes. *Taylor v. United States*, 495 U.S. 575, 600 (1990) (Section 924(e) mandates a formal categorical approach, looking only to the statutory definitions of the predicate offenses, and not to the particular facts underlying those convictions.); *United States v. Ursery*, 518 U.S. 267, 281 (1996) (Forfeiture of property); *United States v. Labonte*, 520 U.S. 751, 756 (1997) (Career offender guideline); *Shepard v. United States*, 544 U.S. 13 (2005) (ACCA); *James v. United States*, 550 U.S. 192 (2007) (Same); *Begay v. United States*, 553 U.S. 137 (2008) (Same); *Chambers v. United States,* 555 U.S. 122 (2009) (Same); *Descamps v. United States*, 133 S. Ct. 2276 (2013) (Same); *Mathis v. United States*, --U. S. --, 2016 U.S. LEXIS 4060 (No. 15-6092, June 23, 2016) (Same); *Kawashima v. Holder*, 132 S. Ct. 1166, 1172 (2012) (Aggravated felony- Immigration and Nationality Act); *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013) (Same); *United States v. Fish*, 758 F.3d 1, 5-6 (1st Cir.2014) ("Crime of violence" in 18 U.S.C. § 16); *Dimaya v. Lynch*, 803 F.3d 1110, 1115 (9th Cir. 2015) (Same); *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir.2015) (Same).

On April 18 of this year the Supreme Court made clear that the unconstitutional vagueness of the ACCA residual clause "rests in large part on its operation under the categorical approach." *Welch v. United States*, 136 S. Ct. 1257, 1262 (2016). Moreover, the law in the courts of appeals is uniform that the categorical approach applies to § 924(c)'s residual clause. *See United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006); *United States v. Bu*tler, 496 F. App'x 158 (3d Cir. 2012) , *United States v. Fuertes*, 805 F.3d 485, 497-99 (4th Cir. 2015); *United States v. Jennings*, 195 F.3d 795, 797-98 (5th Cir. 1999); *United States v. Moore*, 38 F.3d 977,

979 (8th Cir. 1994), abrogated on other grounds by *Leocal v. Ashcroft*, 543 U.S. 1 (2004); *United States v. Amparo*, 68 F.3d 1222, 1225 (9th Cir. 1995); *United States v. Serafin*, 562 F.3d 1105, 1107-08 (10th Cir. 2009); *United States v. McGuire*, 706 F.3d 1333, 1336-37 (11th Cir. 2013); *United States v. Kennedy*, 133 F.3d 53, 56-57 (D.C. Cir. 1998).

In *Johnson* the Supreme Court held that imposing an enhanced sentence under the ACCA residual clause violated due process because it was impermissibly vague. See *Johnson*, 135 S. Ct. at 2557. Although similar to the § 924(c) residual clause, the ACCA residual clause has obvious differences. It defines a "violent felony" as "burglary, arson, or extortion, involves use of explosives or otherwise involves conduct that represents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The *Johnson* Court noted that the ACCA residual clause, unlike the ACCA force clause, directs a court to focus not on the elements of the predicate offense, but instead requires a court to picture the kind of conduct that the crime involves in "the ordinary case."

> Deciding whether the residual clause covers a crime thus requires a court to picture the kind of conduct that the crime involves in "the ordinary case," and to judge whether that abstraction presents a serious potential risk of physical injury. . . The court's task goes beyond deciding whether creation of risk is an element of the crime. That is so because, unlike the part of the definition of a violent felony that asks whether the crime "has *as an element* the use . . . of physical force," the residual clause asks whether the crime "*involves conduct*" that presents too much risk of physical injury.

*Johnson* 135 S. Ct. at 2557 (Alterations in original)(Citation omitted). The Court concluded that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges," and that "[i]ncreasing a defendant's sentence under the clause denies due process." *Id*. Importantly, the Court explained that two features of the ACCA residual clause conspire to make it unconstitutionally vague. 135 S. Ct. at 2557-58. First, the residual clause leaves grave uncertainty about how to estimate the

8

risk posed by a crime by tying the judicial assessment of risk to a judicially imagined "ordinary case" of a crime, not to real-world facts or statutory elements. Second, the residual clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony. It is one thing to apply an imprecise "serious potential risk" standard to real world facts; it is quite another to apply it to a judge-imagined abstraction. *Id.* at 2557–58. Thus, the Court held that the ACCA residual clause was unconstitutionally vague because it involved a double-helping of indeterminacy. *See id*. First, there was indeterminacy in the Court's estimate of how to evaluate the degree of risk posed by a crime, unmoored from its elements or the actual conduct committed by the defendant in a particular case. Additionally, it added a second level of indeterminacy by creating uncertainty about "how much risk" it takes for the crime to be a violent felony.

The § 924(c) residual clause suffers from exactly the same double indeterminacy as the ACC residual clause because it requires the court to evaluate the offense "by its nature," not by its elements (as both the § 924(c) force clause and ACCA force clause do) and not by the defendant's actual conduct when committing the predicate offense. As with the ACCA residual clause, the § 924(c) residual clause requires the court to imagine what the "ordinary case" of the predicate crime involves in the abstract (level one indeterminacy) and then to engage in conjecture about whether the amount of risk the ordinary case involves constitutes a "substantial risk" that physical force against the person or property of another may be used in the course of committing the predicate offense (level two indeterminacy).[1]

The Ninth Circuit Court of Appeals reached a similar result when, in light of *Johnson*, it

---

[1] The government appears to agree that § 924(c)(3)(B) is subject to the same risk-based analysis as the ACCA residual clause which Johnson held to be unconstitutionally vague. United States Response to § 2255 Motion in Shea v. United States, Civil No. 16- Cv-235-PB, Pg.4.

examined 8 U.S.C. § 1101(a)(43)(F) and 18 U.S.C. § 16(b), which defined "crime of violence" for purposes of determining whether the petitioner was a removable alien as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Dimaya v. Lynch*, 803 F.3d 1110, 1112 (9th Cir. 2015). This is exactly the same language as in the § 924(c) residual clause. The Ninth Circuit determined that the statute combined "indeterminacy about how to measure the risk posed by [the predicate] crime with indeterminacy about how much risk it takes for the crime to qualify as 'a crime of violence,'" *Id.* at 1117 (quoting *Johnson,* 135 S. Ct. at 2558), concluding:

> "As with [the ACCA], [18 U.S.C. §] 16(b) (as incorporated in 8 U.S.C. § 1101(a)(43)(F)) requires courts to 1) measure the risk by an indeterminate standard of a "judicially imagined 'ordinary case,'" not by real-world-facts or statutory elements and 2) determine by vague and uncertain standards when a risk is sufficiently substantial. Together, under *Johnson*, these uncertainties render the [ ] provision unconstitutionally vague."

*Dimaya v. Lynch*, 803 F.3d at 1119.

Like the Ninth Circuit Court of Appeals, the Seventh Circuit Court of Appeals concluded that -

> Section 16(b) is materially indistinguishable from the ACCA's residual clause. We hold that it too is unconstitutionally vague according to the reasoning of <u>Johnson</u>. We therefore vacate Vivas-Ceja's sentence and remand for resentencing.

*United States v. Vivas-Ceja*, 808 F3d 719, 720 (7th Cir.2015).   The Court used the mandatory two-step categorical approach in its analysis of 16(b)'s residual clause. 808 F3d at 721.

> Regarding the first step of the categorical approach, *§ 16(b)* substitutes the phrase "by its nature" for the residual clause's "otherwise involves conduct." That these two phrases are synonymous was confirmed by the Supreme Court in *Leocal v. Ashcroft*, 543 U.S. 1, 125 S. Ct. 377, 160 L. Ed. 2d 271 (2004), decided more than a decade before *Johnson*. There the Court stated that *§ 16(b)* directs courts to consider whether an offense would "naturally involve a person acting in disregard of the risk that physical force might be used against another." *Id.* at 10. This requires an evaluation of "the elements and the

10

nature of the offense of conviction," not "the particular facts relating to [a defendant's] crime." *Id*. at 7. *Leocal's* interpretation of *§ 16(b)* is indistinguishable from Johnson's interpretation of the residual clause.

Regarding the second step of the categorical approach—assessing the level of risk in the "ordinary case" of the crime— *§ 16(b)* substitutes "substantial risk" for the residual clause's "serious potential risk." Any difference between these two phrases is superficial. Just like the residual clause, *§ 16(b)* offers courts no guidance to determine when the risk involved in the ordinary case of a crime qualifies as "substantial.

*Johnson* concluded that the indeterminacy of both parts of the residual clause's categorical approach—the "ordinary case" inquiry and the "risk" inquiry—rendered the clause unconstitutionally vague. Because *§ 16(b)* requires the identical indeterminate two-step approach, it too is unconstitutionally vague.

*United States v. Vivas-Ceja*, 808 F.3d at 722-23. A panel of the Fifth Circuit agreed with the

Seventh and Ninth Circuits that *Johnson* renders § 16(b) unconstitutionally vague, but that court

has granted rehearing. *United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016), reh'g

en banc ordered, 815 F.3d 189 (5th Cir.2016).

On July 7, 2016, the Sixth Circuit Court of Appeals joined the Seventh and Ninth Circuit

in holding that, like the ACCA residual cause in *Johnson*, 18 U.S.C. § 16(b) is unconstitutionally

vague.  *Shuti v. Lynch*, -- F.3d --, 2016 U.S. App. LEXIS 12500 (6th Cir.2016). The *Shuti* court

recognized that the core holding in *Johnson* was that the ACCA residual clause suffered from a

two indeterminacies: uncertainty about how to estimate the risk posed by a crime, because it tied

the analysis to a judicially imagined "ordinary case" of a crime, and uncertainty about how much

risk it takes for a crime to qualify as a violent felony, because it required application of an

imprecise "serious potential risk" standard to this judge-imagined abstraction.

In a case decided before *Shuti v. Lynch*, two judges in a Sixth Circuit Court of Appeals

panel recognized that § 16(b) appears identical to § 924(c)(3)(B) in all material respects, but

declined to extend to 924(c)'s residual clause the Ninth and Seventh Circuits' analysis of § 16(b),

and held that § 924(c)(3)(B) is not unconstitutionally vague. *United States v. Taylor*, 814 F.3d 340, 375-79 (6th Cir.2016). That holding has been undercut by *Shuti v. Lynch*, which explicitly acknowledged that the *Taylor* panel did not have the benefit of *Welch,* in which the Supreme Court held that *Johnson* announced a new substantive rule that must be given retroactive effect in cases on collateral review, and in which the Court reiterated that the ACCA residual clause failed "because applying [the serious potential risk] standard under the categorical approach required courts to assess the hypothetical risk posed by an abstract generic version of the offense." *Shuti v. Lynch*, 2016 U.S. App. LEXIS 12500 * 21-22, quoting *Welch*, 136 S. Ct. at 1262.   Although the two judges in the *Taylor* majority acknowledged that analysis of 924(c)'s residual clause required application of a categorical approach, 814 F.3d at 378, **2** they distinguished § 924(c)(3)(B) from the residual clause in § 924(e)(2)(B)(ii) in three ways: § 924(c)(3)(B) requires physical force as opposed to physical injury, it requires that the force be used in the course of committing the offense, and it requires that the predicate felony be one which "by its nature" involves the risk that the offender will use physical force. *Taylor*, 814 F.3d at 376. The judges opined that the absence of enumerated felonies in the 924(c) residual clause did not present the same risk of confusion, noted that despite repeated attempts the Supreme Court had failed to craft a principled and objective standard out of the ACCA residual clause, and noted that the *Johnson* holding on that clause did not control other federal statutes that refer to predicate crimes. *Taylor*, 814 F.3d at 376-379.

In her cogent dissent in *Taylor* Judge White explained why the language differences in

---

2 The Sixth Circuit Court of Appeals adopted the categorical approach in determining that receipt, possession, or transfer of an unregistered firearm in violation of 26 U.S.C. § § 5861 (d) & (e) was not a crime of violence under 18 U.S.C. § 924(c)(3). *Evans v. Zych*, 644 F.3d 447, 450-54 (2011).

the ACCA and 924(c) residual clauses "do not render them materially different under *Johnson."*
*Taylor*, 814 F. 3d at 394. The majority's reasoning that the "by its nature" language in the 924(c)
clause ties the risk inquiry to the elements of the offense disregards the presence of the force
clause in subsection 924(c)(3)(A); the risk inquiry in subsection 924(c)(3)(B) only applies if
force is not an element of the offense, so that an interpreting court remains obliged to consider
the risk of force involved in the commission of a hypothetical, usual case. *Taylor*, 814 F. 3d at
395.

> Because the risk inquiry under *§ 924(c)(3)(B)* is untethered either to specific elements or
> to actual conduct, any potentially "narrowing" language in the statute narrows the risk
> inquiry only to the extent judges can agree on what the "ordinary" offense entails "by its
> nature." And, like the ACCA's residual clause, § 924(c)(3)(B) "offers no reliable way to
> choose between . . . competing accounts of what an 'ordinary' [crime] involves" by its
> nature. *Johnson*, 135 S. Ct. at 2558.

*Id.* That the 924(c) residual clause requires that physical force be used in the *course of*
committing the offense and that it does not enumerate particular felonies do not make it less
vague under *Johnson. Taylor*, 814 F. 3d at 395-397. Cases interpreting § 16(b), which is identical
to § 924(c)(3)B), demonstrate that the phrase "in the course of committing the offense" has been
broadly interpreted to include consideration of circumstances extrinsic to the offense itself, such
as an escaping prisoner's or burglar's potential post-offense confrontations. *Taylor*, 814 F. 3d at
396. Although the *Johnson* Court noted that the enumerated offenses preceding the ACCA's
residual clause added confusion to interpreting the term "serious potential risk," "[I]t then
reiterated that the key feature that rendered the residual clause unconstitutional was 'combining
indeterminacy about how to measure the risk posed by a crime with indeterminacy about how
much risk it takes for the crime to qualify as a violent felony.' *Johnson*, 135 S. Ct. at 2558."
*Taylor*, 814 F. 3d at 397.

13

In its response to the petitioner's 2255 motion in *Shea v. United States* the government seeks to distinguish 924(c)'s residual clause from its ACCA counterpart. <u>United States Response to § 2255 Motion</u> in *Shea v. United States*, Civil No. 16- Cv-235-PB, pp. 4-10. None of its arguments address the fundamental flaw shared by both clauses. Each requires a judicial assessment of the nature and extent of the risk presented in the "ordinary case" of the predicate offense. Neither clause offers a reliable way to choose between competing accounts of what a hypothetical "ordinary" crime involves.   *Johnson*, 135 S. Ct. at 2558.

In its response in *Shea* the government contends that the absence of an introductory list of enumerated crimes in § 924(c)(3)(B) renders it less confusing than the residual clause in *Johnson* and that to apply *Johnson* beyond the ACCA would undermine the statutory definitions of "crime of violence" in other federal and state statutes. There is persuasive authority to the contrary. The *Dimaya* court recognized that the enumerated offenses in the ACCA "provide[d] at least *some* guidance as to the sort of offenses Congress intended for the provision to cover. Section 16(b), by contrast, provide[s] no such guidance at all" (emphasis in original)), unlike the ACCA residual clause. *Dimaya v. Lynch*, 803 F.3d at 1118, n.13. Likewise in *Vivas-Ceja* the Seventh Circuit Court of Appeals noted that the ACCA's residual clause would have been as imprecise without the examples, because "the enumeration of specific crimes did nothing to clarify" its language. *United States v. Vivas-Ceja*, 808 F.3d at 723. The *Shuti* court not only explicitly rejected the government's argument that the ACCA's enumerated crimes clause was a decisive factor in *Johnson. Shuti v. Lynch*, 2016 U.S. App. 12500, at *17-18. That court opined that the lack of an enumerated crimes clause in 18 U.S.C. § 16(b), which is identical to the 924(c) residual clause, and which is incorporated into the Immigration and Naturalization Act at 8 U.S.C. § 1101(a)(43)(F), "[A]ctually makes its residual clause a 'broad[er]' provision, as it

14

'cover[s] every offense that involved a substantial risk of the use of 'physical force against the person or property of another.'" *Id.,* citing *Begay v. United States*, 553 U.S. 137, 144 (2008). See also *In re Hubbard*, 2016 U.S. App. LEXIS 10348, *17 (4th Cir.2016) (Granting authorization for a successive 2255 writ based on a sufficient showing of possible merit, as there were similarities between the operative language in the ACCA's residual clause and the language of § 16(b)). Ruling that the 924(c) residual clause is unconstitutionally vague, USDJ Paul W. Grimm in the District of Maryland similarly stated that including the four comparator offenses in the ACCA residual clause "made an already impermissibly vague definition worse."   *United States v. Edmundson*, 2015 U.S. Dist. LEXIS 171007, *13 (D. Md. Dec. 30, 2015).   "They were not the sole cause in fact of the vagueness." *Id.* Thus, the lack of enumerated examples does not shield section 924(c)(3)(B) from the void-for-vagueness doctrine, which is rooted in the Due Process Clause of the Fifth Amendment and which "prohibits the government from imposing sanctions 'under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.'" *Welch*, 136 S. Ct. at 1262 (quoting *Johnson*, 135 S. Ct. at 2556).

In Footnote 1 to its response to Shea's 2255 petition the government lists examples of statutes which it submits would be undermined if § 924(c)'s residual clause is unconstitutional. The government raised the same argument in *Johnson*, 135 S. Ct. at 2561, but the Court nonetheless struck the ACCA residual clause as unconstitutional. A constitutionally mandated rule is not vitiated because it may have broad implications on the legal system or indeed on society as a whole. See *Riley v. California*, 134 S. Ct. 2473, 2493 (2014) (Court accepts that cell-phone decision will impact law enforcement); *Gideon v. Wainwright*, 372 U.S. 335 (1963) (Right to court appointed counsel); *Obergefell v. Hodges*, 135 S. Ct. 2584 (2016) (Statutory restrictions

on same sex marriage violate the Due Process and Equal Protection clauses).

Case law undercuts the government's arguments that § 924(c)(3)(B) does not require interpreting courts to go beyond the elements of the offense to consider potential post-offense conduct. The examples used in *Johnson* to illustrate the infirmity of the residual clause all occurred during the course of committing the offense:

> The act of making an extortionate demand or breaking and entering into someone's home does not, in and of itself, normally cause physical injury. Rather, risk of injury arises because the extortionist might engage in violence after making his demand or because the burglar might confront a resident in the home *after* breaking and entering.

*Johnson*, 135 S.Ct. at 2557 (emphasis in original). Both the "before" and "after" in these examples occur during the course of the substantive offense, under general principles of criminal law. *See, e.g., United States v. Figueroa-Cartagena*, 612 F.3d 69, 79 (1st Cir. 2010) ("the offense conduct for robbery does not end when the initial taking is complete. Rather, the offense conduct continues until the perpetrator 'has won his way to a place of temporary safety' because escape is 'inherent' to the crime of robbery" (citation omitted)); *People of Territory of Guam v. Borja*, 732 F.2d 733, 735 (9th Cir. 1984) (burglary under the Model Penal Code is a "continuing offense" that extends until the burglar reaches a place of safety; "one can be in the course of committing" the offense "even after the commission [of the conduct to which liability attaches]" (internal quotation marks, alternations, and citations omitted)).

The government's point that the Supreme Court has not repeatedly failed to construe § 924(c)(3)(B) is correct as far as it goes. However, appellate and district court judges have ruled that *Johnson* applies to 924(c)'s residual clause and that no principled and objective standard can rescue it. Judge White's dissent in *Taylor* explains how the non-material language differences in the ACCA and 924(c) residual clauses do not save § 924(c)(3)(B) from being unconstitutionally

vague. *Taylor*, 814 F. 3d at 393-397. Following *Johnson* and *Dimaya* district courts in the Ninth Circuit have concluded that § 924(c) (3)(B) is unconstitutionally vague. See *United States v. Bundy*, 812 (D. Ore, No.16-cr-00051-BR, June 10, 2016), 2016 U.S. Dist. LEXIS 75, *11-17 ) (finding the reasoning of *Johnson* and *Dimaya* applies to the residual clause of § 924(c)(3)(B) and, accordingly, finding § 924(c)(3)(B) void for vagueness); *United States v. Baires-Reyes*, No. 15-cr-00122-EMC-2, 2016 U.S. Dist. LEXIS 74192, at *3-*5 (N.D. Cal. June 7, 2016) (Same); *United States v. Lattanaphom*, No. 2:99-00433 WBS, 2016 U.S. Dist. LEXIS 12368, *7-16 (E.D. Cal. Feb. 2, 2016) (Same), Appeal to 9th Circuit Court of Appeals, No. 16-10078, accepted and docketed 5/24/16 ; *United States v. Bell*, No. 15-cr-00258-WHO, 2016 U.S. Dist. LEXIS 11035, at *30-40 (N.D. Cal. Jan. 28, 2016) (Same); *United States v. Smith*, 2016 U.S. Dist. LEXIS 65543, *16 (D. Nev. May 18, 2016). Other cases in which district judges have extended *Johnson* to the 924(c) residual clause and ruled that it is unconstitutionally vague include *United States v. Edmundson*, supra, and *United States v. Crawford*, 2016 U.S. Dist. LEXIS 9362, *2 (ND Indiana, January 27, 2016). This Court should do likewise.

**Conclusion**

In sum, for the above reasons there is no material difference between 18 U.S.C. § 924(c)(3)(B) and the unconstitutionally vague residual clause in 18 U.S.C. § 924(e)(2)(B)(ii).

Respectfully submitted,

Date: July 15, 2016

*/s/ Bjorn Lange*
Bjorn Lange (N.H. Bar No. 1426)
Assistant Federal Public Defender
22 Bridge Street, 3rd Floor
Concord, NH 03301
Tel. (603) 226-7360
Bjorn_Lange@fd.org

*/s/ Jeffrey S. Levin*
Jeffrey S. Levin (N.H. Bar No. 12901)
Assistant Federal Public Defender
22 Bridge Street, 3rd floor
Concord, NH 03301
Tel. (603) 226-7360
Jeff_Levin@fd.org


*/s/ Jonathan R. Saxe*
Jonathan R. Saxe (N.H. Bar No. 8226)
Assistant Federal Public Defender
22 Bridge Street, 3rd Floor
Concord, NH 03301
Tel. (603) 226-7360
Jonathan_Saxe@fd.org

*/s/ Michael J. Iacopino*
Michael J. Iacopino (N.H. Bar No. 1233)
Brennan, Lenehan, Iacopino & Hickey
85 Brook Street
Manchester, NH 03104-3605
Tel. (603)668-8300
miacopino@brennanlenehan.com


*/s/ Cathy J. Green*
Cathy J. Green (N.H. Bar No. 995)
Green & Utter
764 Chestnut Street
Manchester, NH 03104
Tel. (603)669-8446
cathy@green-utter.com


## Certificate of Service

I hereby certify that the above document was served to all counsel of record on July 15, 2016 and in the manner specified herein: electronically served through CM/ECF electronic filing method.

*/s/ Bjorn Lange*
Bjorn Lange

18